# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. WOODS, et al.,<br><br>        Defendants. | Case No.  1:16-cv-01209-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983.[1] On August 29, 2016, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)  Currently before the Court is Plaintiff's complaint filed August 15, 2016. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff paid the $400 filing fee in full for this action.  The PLRA states that "[n]ot withstanding any filing fee, of any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendants Dr. Woods and Dr. Hashem, dentists employed by the CDCR at Kern Valley. Plaintiff claims that Defendants were deliberately indifferent to a serious medical need of Plaintiff's resulting in injury to Plaintiff, in violation of the Eighth Amendment.

Plaintiff alleges that on May 3, 2013, Plaintiff had his lower partial taken in a cell search. As a result of his missing partial, Plaintiff suffers from "broken teeth, a broken porcelain crown, wearing down of remaining teeth, severe pain. Plaintiff has also broken teeth holding his bridge, destroying the bridge." (ECF No. 1, p. 2.) Plaintiff paid for a replacement partial, but failed to receive it in a timely manner. Plaintiff alleges that after a year without the bridge, he told

1  Defendant Woods that because of the delay in receiving his partial, it would not fit when it
2  arrives.

3  On October 21, 2015, Plaintiff was interviewed by Dr. Woods regarding the appeal he
4  filed. Plaintiff alleges that Dr. Woods "was supposed to add a 'dental bridge' to plaintiff's
5  appeal, as plaintiff requested to have it replaced as well. Dr. Woods did not add it to the appeal."
6  (Id., p. 3.) Plaintiff alleges that he attempted to file two CDCR Form 22s (Inmate Request for
7  Interview) in order to add the issue to his appeal. The Form 22s were not processed.

8  At some point, Plaintiff again told Dr. Woods that because he had not received his partial,
9  his teeth "were being destroyed," and Dr. Woods did nothing. (Id.) Plaintiff alleges that both
10 Defendants acknowledged that the lack of a lower partial was causing damage to his teeth. Dr.
11 Woods told Plaintiff that he would have to remove the broken teeth.

12 In early 2016, Dr. Woods placed a plastic crown on Plaintiff's tooth, which immediately
13 failed. Plaintiff continued to ask for his lower and upper partials. In February of 2016, Plaintiff
14 received his lower partial. Plaintiff alleges that the delay caused extensive damage to his teeth,
15 and Defendants have yet to issue Plaintiff his upper partial, or replace his bridge. Plaintiff
16 alleges that because of the damage to his teeth, he is in pain, and cannot chew his food. Plaintiff
17 alleges generally that Defendants "will not repair his teeth, which they are responsible for
18 destroying." (Id.)

19 On June 7, 2016, Plaintiff's lower partial broke. One week later, the plastic crown broke
20 again. Subsequently, Dr. Woods took impressions for an upper partial. On July 12, 2016, Dr.
21 Woods attempted to grind on the lower partial to repair it. The lower partial was ultimately
22 destroyed. Plaintiff was still charged for the failed repair, and the cost of ordering a new partial.

**III.**

**DISCUSSION**

**A.   Eighth Amendment**

26 A prisoner's claim of inadequate medical care does not constitute cruel and unusual
27 punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of
28 "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff has alleged that he was subjected to an objectively serious medical condition. Plaintiff has alleged that he suffered from a broken bridge and missing partials, resulting in pain, deteriorating teeth, and difficulty eating. Delay of, or interference with, medical treatment can also amount to deliberate indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan,

296 F.3d 732, 745-46 (9th Cir. 2002). The facts alleged indicate that the delay caused him injury.

Plaintiff has not, however, alleged facts that support his conclusory allegation that Defendants Woods or Hashem caused the delay in receiving Plaintiff's partials. Under section 1983, Plaintiff must link Defendants Woods and Hashem to participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Plaintiff concludes that Dr. Woods and Dr. Hashem cause for the delay in receiving his partial, but does not allege any facts indicating that they were in any way responsible for ordering the partials, or that they acted in any way to intentionally interfere with the delivery of the partials. The Court finds these allegations to be vague. Plaintiff has not alleged who he ordered the partials from, or who was responsible for the manufacture and delivery of the partials. That Dr. Woods and Dr. Hashem are dentists employed by the CDCR at Kern Valley does not, of itself, subject them to liability for the delay in receiving the partials. Plaintiff does not, therefore, state a claim for relief against these Defendants for interference with or delay of Plaintiff's dental care.

Plaintiff's allegations that Dr. Wood failed to add Plaintiff's allegations to his inmate grievance regarding his partials is also vague. Plaintiff is responsible for filing his inmate grievance, and must file one issue per inmate grievance. Title 15, Cal. Code Regs., § 3084.2(a)(1). There are no allegations that Dr. Woods interfered with Plaintiff's grievance in any manner that subjected Plaintiff to deliberate indifference to his serious medical needs.

Plaintiff also fails to state a claim for relief for deliberate indifference to Plaintiff's condition. The facts alleged indicate that Dr. Woods responded to Plaintiff's condition by installing a plastic crown, taking impressions for an upper partial, and attempting to grind

1 Plaintiff's lower partial in order for it to fit, eventually destroying it.  The facts alleged indicated
2 that Dr. Woods responded to Plaintiff's condition.  That Plaintiff disagrees with the course of
3 treatment does not subject a defendant to liability.  "A difference of opinion between a physician
4 and the prisoner – or between medical professionals – concerning what medical care is
5 appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987
6 (9th Cir. 2012)(citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on
7 other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman,
8 680 F.3d 1113, 1122-23 (9th Cir. 2012).

9 To the extent that Plaintiff may be claiming that his treatment constituted negligence or
10 medical malpractice, Plaintiff is advised that: "Medical malpractice does not become a
11 constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97,
12 106 (1977); Snow, 681 F.3d at 987-88; Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.
13 Even assuming Dr. Woods erred, an Eighth Amendment claim may not be premised on even
14 gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

15 Plaintiff concludes that Defendants Wood and Hashem are liable because they were
16 aware of Plaintiff's condition, and did nothing to get his lower partials delivered faster.  To
17 adequately state a claim against Defendants, Plaintiff must set forth the factual basis for his
18 claim.  Plaintiff must allege facts indicating that each Defendant acted with deliberate
19 indifference to Plaintiff's dental condition.  Plaintiff should state clearly, in his own words, what
20 each Defendant, by name, did that caused Plaintiff to not timely receive his partials.  An
21 allegation that Plaintiff did not timely receive his partials and that Defendants are dentists, is
22 insufficient to state a claim for relief.  They should therefore be dismissed.  Plaintiff will,
23 however, be granted leave to file an amended complaint to correct this deficiency

24 **B.     Exhaustion of Administrative Remedies**

25 Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
26 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
27 confined in any jail, prison, or other correctional facility until such administrative remedies as
28 are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

1  available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007);
2  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required
3  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,
4  Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits
5  relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

6       Prisoners are required to exhaust before bringing suit and the unavailability of damages
7  through the prison's appeals process does not relieve them from compliance with the statutory
8  exhaustion requirement.  Booth, 532 U.S. at 741.  From the face of Plaintiff's complaint, it
9  appears clear that Plaintiff filed suit prematurely and in such instances, the case may be
10 dismissed.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to
11 exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim
12 under Rule 12(b(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's
13 concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds
14 by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)
15 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied
16 in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'")
17 (quoting Wilhelm, 680 F.3d at 1121).

18      Some of the conduct at issue in this lawsuit occurred in July 2016.  This action was filed
19 on August 15, 2016.  As of 2011, an inmate in initiates the grievance process by submitting a
20 CDCR Form 602, colloquially called an inmate appeal (IA), describing "the problem and action
21 requested." Cal. Code Regs., tit. 15, §3084.2(a).  An IA must be submitted within thirty calendar
22 days of the event or decision being appealed, first knowledge of the action or decision being
23 appealed, or receipt of an unsatisfactory departmental response to an appeal filed.  Tit. 15
24 §3084.8(b).  The inmate is limited to raising one issue, or related set of issues, per IA in space
25 provided on the form and one form attachment in which he shall state all facts known on that
26 issue.  Tit 15 § 3084.2(a)(1), (2),(4).  All involved staff members are to be listed along with a
27 description of their involvement in the issue.  Tit. 15 § 3084.2(a)(3).  Originals of supporting
28 documents are to be submitted with the IA; if they are not available, copies may be submitted

7

1  with an explanation why the originals are not available, but are subject to verification at the
2  discretion of the appeals coordinator.  Tit. 15 §3084.2(b).  With limited exceptions, an inmate
3  must initially submit his IA to the first level.  Tit. 15 § 3084.7.  If dissatisfied with the first level
4  response, the inmate must submit the IA to the second level, and likewise thereafter to the third
5  level.  Tit. 15 § 3084.2, 7.  First and second level appeals shall be submitted to the appeals
6  coordinator at the institution for processing.  Tit. 15 § 3084.2(c).  Third level appeals must be
7  mailed to the Appeals Chief via the United States mail service.  Tit. 15 § 3084.2(d).

8  Given the requirements to exhaust his administrative remedies through the third level
9  appeal vial the Appeals Chief in Sacramento, it is unlikely that Plaintiff has exhausted his
10 administrative remedies regarding conduct on July of 2016 prior to filing this lawsuit on August
11 of 2016.  Plaintiff is advised that he may only bring this action alleging those claims for which
12 he has exhausted his administrative remedies.

## IV.

## CONCLUSION AND ORDER

15 For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
16 be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
17 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this
18 suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,
19 607 (7th Cir. 2007)(no "buckshot" complaints).

20 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
21 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
22 Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the
23 duties and responsibilities of each individual defendant whose acts or omissions are alleged to
24 have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
25 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
26 above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

27 Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
28 Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 15, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **September 29, 2016**

UNITED STATES MAGISTRATE JUDGE