# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. WOODS, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01209-SAB (PC)<br><br>ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE AS TO DEFENDANTS WOODS AND HASHEM<br><br>(ECF No. 8) |

Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983.[1] On August 29, 2016, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6.) Currently before the Court is Plaintiff's amended complaint filed October 24, 2016. (ECF No. 8.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

---

[1] Plaintiff paid the $400 filing fee in full for this action. The PLRA states that "[n]ot withstanding any filing fee, of any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Kern Valley State Prison ("KVSP"). Plaintiff brings this civil rights action against Defendants Dr. Woods and Dr. Hashem, dentists employed by the CDCR at KVSP, in their individual and official capacities, seeking injunctive relief and monetary damages.

Prior to December 2014, Plaintiff had damage to his teeth requiring a lower partial. (Am. Compl. ¶ 7, ECF No. 8.) Plaintiff paid for a lower partial on December 29, 2014, and it was confiscated in a cell search. (Id. at ¶ 8.) After not having his partial for a year, Plaintiff told Defendant Woods that due to the delay in receiving his partial it would not fit when it was received. (Id. at ¶ 10.) On October 21, 2015, Plaintiff was interviewed by Defendant Woods regarding an inmate appeal. (Id. at ¶ 11.) Defendant Woods was supposed to add the replacement of a dental bridge to the appeal and did not do so. (Id. at ¶ 11.)

1       Plaintiff attempted to submit two inmate appeals to add the replacement of the dental bridge to to the appeal but they were not processed. (Id. at ¶ 12.) On October 22, 2015, Plaintiff told Defendant Woods that due to not having his partial his teeth were being destroyed. (Id. at ¶ 13.) Defendant Woods visually examined Plaintiff's teeth and could see that they were deteriorating. (Id. at ¶ 13.) Defendant Woods did not provide treatment to Plaintiff's teeth. (Id. at ¶ 13.) The failure to provide treatment was causing Plaintiff pain and discomfort and affecting the quality of his life. (Id. at ¶ 13.)

During dental visits Defendants Woods and Hashem expressed to Plaintiff that the absence of the lower partial was causing damage to his teeth, but did nothing. (Id. at ¶ 14.) Defendant Woods explained that Plaintiff would have to have his broken teeth extracted and Plaintiff requested that he receive his partial before all his teeth had to be extracted. (Id. at ¶ 15.)

Plaintiff received a lower partial on February 9, 2016. (Id. at ¶ 17.) Plaintiff contends that the delay in receiving the partial resulted in extensive damage to his teeth which have not been treated. (Id. at ¶ 17.) Plaintiff is in a considerable amount of pain, cannot chew his food, and suffers constantly every day. (Id. at ¶ 19.)

## III.

## DISCUSSION

### A. Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal

standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations that Defendants Woods and Hashem were aware of the damage to his teeth which caused him pain and difficulty eating, and refused to provide treatment, is sufficient to state a claim for deliberate indifference to a serious medical need.

**B.  Official Capacity Claims**

Plaintiff brings this action against Defendants Woods and Hashem in their individual and official capacities. A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the

plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713.

Plaintiff has failed to include factual allegations that the violations at issue in this action were the result of a policy or custom of the CDCR. Plaintiff fails to state an official capacity claim against any named defendant, and his official capacity claims shall be dismissed.

## IV.

## CONCLUSION AND ORDER

Plaintiff's amended complaint states a cognizable claim against Defendants Woods and Hashem, in their individual capacities, for deliberate indifference to a serious dental need in violation of the Eighth Amendment. Plaintiff's complaint fails to state any other cognizable claims. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's amended complaint, filed October 24, 2016, against Defendants Woods and Hashem, in their individual capacities, for deliberate indifference to a serious dental need in violation of the Eighth Amendment; and

2. Plaintiff's official capacity claims are dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 5, 2017**

UNITED STATES MAGISTRATE JUDGE

5