# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER, | ) Case No. 1:16-cv-01209-SAB-PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR A HEARING TO DETERMINE AMOUNT OF DAMAGES OWED DUE TO DEFAULT JUDGMENT, WITHOUT PREJUDICE |
| v. | |
| DR. WOODS, et al., | |
| Defendants. | ) [ECF No. 29] |

## I.

## INTRODUCTION

Plaintiff James Millner is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Woods and Hashem, in their individual capacities, for deliberate indifference to a serious dental need in violation of the Eighth Amendment. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 6.) Defendants have neither consented to nor declined to the jurisdiction of a United States Magistrate Judge.

On September 5, 2017, Plaintiff filed proof of service of process of the summons and complaint on Defendant Hashem. Despite being served with process on August 3, 2017, Defendant Hashem did not respond to Plaintiff's first amended complaint. (ECF No. 19.)

1

On November 14, 2017, Plaintiff moved for entry of default as to Defendant Hashem. (ECF No. 26.) On November 15, 2017, the motion was granted. (ECF No. 27.) On November 16, 2017, the Clerk of the Court entered default against Defendant Hashem pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 28.)

Currently before the Court is Plaintiff's motion for default judgment by the Court. (ECF No. 29.) In Plaintiff's motion, he states that he seeks a hearing or inquest to determine the amount of damages owed to him by Defendant Hashem. He further declares that to his knowledge, Defendant Hashem is not in the military service of the United States and remains employed at Kern Valley State Prison.

## II.

## LEGAL STANDARDS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum certain or a sum that can be made certain by computation, a party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Furthermore, under Federal Rule of Civil Procedure 54, when an action is brought alleging more than one claim or is against more than one party, the Court may direct entry of final judgment against fewer than all claims or parties only if the Court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).

### III.

### DISCUSSION

As a preliminary matter, the Court notes that although the Clerk of the Court has entered judgment against Defendant Hashem, this case still proceeds against Defendant Woods. As briefly noted above, where an action is brought against multiple parties, as in this case, the Court must expressly find that there is no just reason for delay before it may enter a final judgment against fewer than all the parties. Fed. R. Civ. P. 54(b).

The leading case on the issue of default judgment in actions involving multiple defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552 (1872). See In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). In Frow, the Supreme Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D., 253 F.3d at 532. The possibility of inconsistent judgments must be avoided. Id. The Ninth Circuit held that where the actions by the defendants and the central issue are the same, the Court abuses its discretion by entering default judgment against the defaulting defendant that creates inconsistent judgments against multiple defendants. Id. at 532-533.

In a recent decision by a district court, Krevat v. Burgers to Go., Inc., No. 13-cv-6258(JS)(AKT), 2014 WL 4638844 (E.D. N.Y. Sept. 16, 2014), that court addressed authority

holding that "[w]here there are multiple defendants who may be held jointly and severally liable and 'some but not all defendants have defaulted, 'the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party. . . ." 2014 WL 4638844, at *15. This avoids the issue of dealing with inconsistent damage inquests. Id. Since the complaint in the action alleged that the defendants acted in concert or participation, the court held it would be prudent to defer ruling on damages until the claims against the remaining defendant had been adjudicated. Id.

In sum, these cases hold that in certain circumstances it is inappropriate to enter a default judgment against one defendant until the matter has been adjudicated with regard to all defendants. Therefore, a court may find it should defer ruling on damages as to one claim against one defendant until the claims against all defendants are finally determined.

In this action, Plaintiff has alleged that Defendants Woods and Hashem were dentists both employed by CDCR, and both treating him while he was housed at Kern Valley State Prison. He alleges that both of them were aware of deterioration of his teeth as well as pain and discomfort to him, but they failed to treat him, resulting in extensive damage and considerable pain. Plaintiff appears to be alleging that he was treated simultaneously by these two Defendants.

Plaintiff should be mindful that if he applies for a default judgment against Defendant Hashem, the Court will be required to find whether there is a danger of inconsistent judgments making it prudent to defer ruling on a damages award against Defendant Hashem until this action is resolved regarding Defendant Woods. Thus, Plaintiff's application should address this issue.

Also, Plaintiff has not submitted any application for default judgment. Therefore, he has not articulated what amount of damages he seeks or submitted any evidence for the Court to consider in support, nor has Plaintiff explained what evidentiary issues would be addressed in any hearing.

Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment. United States v. Borchers, 163 F.2d 347, 349 (2d Cir. 1947) ("Moreover, as we understand the language of Rule 55(b)(2), it does not appear that testimony had to be presented to obtain a judgment by default."); see also United States v. Cabrera-Diaz, 106 F. Supp. 2d 234,

243 (D.P.R. 2000) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3D § 2688 (2001)). The court has discretion to determine whether evidence to support a claim for damages should be presented at a hearing, or alternatively, whether a review of detailed affidavits and documentary evidence is sufficient. See Fed. R. Civ. P. 55(b)(2); Davis v. Fendler, 650 F.2d 1154, 1161–62 (9th Cir. 1981) (affirming default judgment with damages assessed based on documentary evidence); Fustok v. Conti Commodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (court has discretion to hold evidentiary hearing, or to rely solely on detailed affidavits or documentary evidence to evaluate damages).

As Plaintiff has not submitted an application for default judgment showing that he has met the standards discussed above, the Court does not have sufficient information to determine whether any evidentiary hearing is necessary under the circumstances of this case.

As a result of the foregoing, the Court will deny Plaintiff's motion for a hearing, without prejudice to Plaintiff re-raising the request in any application for a default judgment pursuant to Rule 55.

### IV.

### ORDER

For the reasons explained above, it is HEREBY ORDERED that Plaintiff's motion for an evidentiary hearing is denied, without prejudice.

IT IS SO ORDERED.

Dated: __December 5, 2017__

UNITED STATES MAGISTRATE JUDGE