**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES MILLNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. WOODS, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01209-SAB (PC)<br><br>ORDER GRANTING DEFENDANT HASHEM'S MOTION TO SET ASIDE ENTRY OF DEFAULT, DIRECTING CLERK OF COURT TO VACATE ENTRY OF DEFAULT, AND DIRECTING DEFENDANT HASHEM TO FILE AN ANSWER TO COMPLAINT WITHIN **TEN DAYS** FROM THE DATE OF SERVICE OF THIS ORDER<br><br>[ECF Nos. 27, 31] |

**I.**

**PROCEDURAL HISTORY**

Plaintiff James Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.) Defendants have neither consented nor declined to United States Magistrate Judge jurisdiction.

Plaintiff filed the instant action on August 15, 2016, and a first amended complaint on October 24, 2016. On June 5, 2017, the Court found that Plaintiff stated a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Dr. Woods and Dr. Hashem. Plaintiff was directed to serve the first amended complaint on Defendants. (ECF No. 10.) Defendant Dr. Woods answered the complaint on August 24, 2017. (ECF No. 24.)

On September 5, 2017, Plaintiff filed proof of service of process of the summons and complaint on Defendant Dr. Hashem. (ECF No. 19.) Despite being served with process on August 3, 2017, Defendant Dr. Hashem did not file any response to Plaintiff's first amended complaint.

On November 14, 2017, Plaintiff filed a request for entry of default against Defendant Dr. Hashem. (ECF No. 26.) On November 15, 2017, the Court granted Plaintiff's motion. (ECF No. 27.) The Clerk of the Court entered default the next day. (ECF No. 28.)

Currently before the Court is Defendant Dr. Hashem's motion to set aside entry of default, filed on January 25, 2018. (ECF No. 31.) Plaintiff filed an opposition on February 20, 2018, (ECF No. 32), and Defendant filed a reply on February 27, 2018, (ECF No. 33).

## II.

## DISCUSSION

Once default has been entered against a defendant, the Court may, "[f]or good cause shown … set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).

Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-946 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc., v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). An intentional failure to respond denotes a willful, deliberate, or bad faith failure. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled in

part on other grounds by Egelhoff v. Egelhoff ex. Rel. Breiner, 532 U.S. 141 (2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional.'" Id.

In this case, Defendant Dr. Hashem declares in support of his motion that he retired in May 2016, and relocated to Anaheim, California. Nevertheless, the Kern County Sheriff attempted service on Defendant Dr. Hashem at Kern Valley State Prison, where he had formerly treated Plaintiff. The litigation coordinator accepted service, but Defendant Dr. Hashem was not aware of the action until he was contacted by counsel in November 2017. On December 6, 2017, he advised counsel he would agree to representation by the Office of the Attorney General. (ECF No. 31-1.) Counsel then investigated defenses to the first amended complaint and filed the instant motion. The record also reflects that the United States Marshal attempted service on Dr. Hashem at Kern Valley State Prison and was informed of his retirement, and could not contact Dr. Hashem immediately due to a lack of a forwarding address and lack of response from phone calls. (ECF No. 17.)

The Court finds there is no evidence in the record from which the Court may conclude that Defendant Dr. Hashem willfully and intentionally failed to comply with the applicable rules. Although an agent for service of process accepted service on Dr. Hashem's behalf, miscommunications lead to a delay in responding to the first amended complaint here. Counsel filed the instant motion to set aside default along within a reasonable period of time, and this supports finding that the failure to timely respond to the first amended complaint in this action is the result of excusable neglect. TGI Group Life Ins. Plan v. Knoebber, 244 F.3d at 697-98.

At issue in this action is whether Defendant Dr. Hashem was deliberately indifferent to Plaintiff's serious medical need, and Defendant disputes this claim and denies that he was deliberately indifferent to Plaintiff's medical needs. The motion outlines Defendant Dr. Hashem's denial of Plaintiff's allegations with specific reasoning and documents submitted in support. Thus, there is a factual dispute between the parties concerning whether Defendant Dr. Hashem violated Plaintiff's rights under the Eighth Amendment, and the Court cannot find that Defendant Dr. Hashem does not have a meritorious defense.

Finally, resolution of an action on its merits and not default is favored.  To establish prejudice sufficient to defeat a motion to set aside entry of default, Plaintiff must show that his "ability to pursue his claim [has been] hindered."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d at 701 ("[t]o be prejudicial, the setting aside of judgment must result in greater harm than simply delaying resolution of the case.")  Plaintiff has not shown actual prejudice.  The default was only recently entered and Defendant Dr. Hashem has moved to set aside the entry of default and has demonstrated a willingness to promptly answer the first amended complaint and defend this action.  While defendant was not entirely prompt in seeking to set aside his default after accepting Attorney General representation, the Court can discern no prejudice to Plaintiff aside from the minimal delay in resolution of the action.  Id. Accordingly, Defendant Dr. Hashem's motion to set aside the entry of default shall be granted, and the entry of default against Defendant Dr. Hashem shall be set aside.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Dr. Hashem's motion to set aside the entry of default, filed on January 25, 2018 (ECF No. 31), is GRANTED;
2. The Clerk of Court shall vacate the entry of default entered on November 16, 2017; and
3. Within **ten (10)** days from the date of service of this order, Defendant Dr. Hashem shall file his answer to the first amended complaint.

IT IS SO ORDERED.

Dated: **March 5, 2018**

UNITED STATES MAGISTRATE JUDGE

4