# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. WOODS, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01209-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE<br>[ECF No. 38]<br><br>ORDER DENYING IN PART PLAINTIFF'S MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 41]<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>[ECF No. 40]<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JURY TRIAL<br>[ECF No. 42]<br><br>**TEN-DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff James Millner is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim against Defendants Woods and Hashem, in their individual capacities, for deliberate indifference to a serious dental need in violation of the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are Plaintiff's motions for the appointment of counsel, (ECF No. 39), and motion for a jury trial, (ECF No. 42), both filed on September 24, 2018.

1

Defendants filed a motion for summary judgment in this case on September 7, 2018. (ECF No. 38.) Plaintiff has now filed an opposition to that motion, which also includes a motion to strike Defendants' summary judgment motion. (ECF No. 41.) The Court addresses each of Plaintiff's motions in turn.

## II.

## MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel, stating that he cannot afford to hire an attorney, his imprisonment and disabilities limits his ability to litigate, he has no legal training, and that the issues are complex and evidence would be better presented by a lawyer.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in his pleading. In addition, the Court cannot determine that Plaintiff is likely to succeed on the merits. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Therefore, Plaintiff's motion for the appointment of counsel will be denied, without prejudice.

///

## III.

## MOTION FOR A JURY TRIAL

In support of Plaintiff's motion for a jury trial, he asserts that this case involves complex medical records that require an expert witness. He further asserts that he believes Defendants have destroyed or altered records, although he does not wish for the Court to compel those records. Therefore, he seeks for a jury trial to be set so that the evidence can be evaluated. He states that he will file separate motions seeking appointment of an unbiased expert, and to amend his complaint.

The Court denies Plaintiff's motion for a jury trial, as premature. As noted above, this case is at the summary judgment stage, and it has not yet been determined whether there is a triable dispute of material fact. The Court will set a trial in the regular course, if appropriate, and no motion by the parties will be necessary.

The Clerk of the Court has docketed Plaintiff's motion to amend his complaint, which the Court will rule upon when fully briefed. See Local Rule 230(l). No motion seeking the appointment of any neutral expert witness is pending.

## IV.

## MOTION TO STRIKE

Finally, the Court addresses motion to strike Defendants' motion for summary judgment, set forth in his opposition brief. (ECF No. 41.) Plaintiff asserts that Defendants' motion for summary judgment is procedurally defective for failure to provide a sufficient Rand notice.

In Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), the Ninth Circuit held that a pro se prisoner plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought. Review of Defendants' summary judgment motion filed on September 7, 2018 (ECF No. 38) shows that Defendants did not provide Plaintiff with a sufficient Rand notice. See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). The Rand notice must be on a separate form, containing all the Rand requirements independent of the summary judgment motion or papers filed in support thereof. Rand, 154 F.3d at 960. In addition, the notice must advise Plaintiff of the contents of any applicable Eastern District of California Local Rule requirements, i.e. Local Rule 260. Id. at 961.

The Court does not find it appropriate to strike Defendants' summary judgment motion. Instead, the motion shall be denied, without prejudice. Defendants shall file their motion for summary judgment and serve it, along with an appropriate Rand notice, upon Plaintiff within ten (10) days of this order.

Within twenty-one (21) days of the filing and service of Defendants' motion for summary judgment and separate Rand notice, Plaintiff shall provide written notice to the Court whether he intends to stand upon his opposition filed on September 24, 2018, or he may file a new opposition. Within seven (7) days of the filing in CM/ECF of Plaintiff's opposition or notice that he intends to stand upon his prior opposition, Defendants may file a reply brief. Local Rule 230(l).

## V.

## CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that:

1. Defendants' motion for summary judgment, filed on September 7, 2018 (ECF No. 38) is denied, without prejudice;

2. Defendants shall file their motion for summary judgment within ten (10) days of this order, and shall provide Plaintiff with the appropriate Rand notice;

3. Plaintiff's motion to appoint counsel, filed on September 24, 2018 (ECF No. 39) is denied, without prejudice;

4. Plaintiff's motion for jury trial, filed on September 24, 2018 (ECF No. 42), is denied, as premature.

IT IS SO ORDERED.

Dated: **September 28, 2018**

UNITED STATES MAGISTRATE JUDGE

4