# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLNER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. WOODS, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01209-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 40, 45, 48)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to amend the complaint.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the complaint in this action on August 5, 2016. (ECF No. 1.) On August 18, 2016, Plaintiff filed a notice stating that a check for the filing fee had been mailed to the Court and returned. (ECF No. 4.) On August 22, 2016, an order issued requiring Plaintiff to pay the filing fee or submit an application to proceed without prepayment of fees. (ECF No. 5.) On August 29, 2016, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 6.) On September 23, 2016, Plaintiff paid the filing fee.

Plaintiff's complaint was screened on September 30, 2016, and dismissed with leave to amend for failure to state a claim. (ECF No. 7.) On October 24, 2016, Plaintiff filed a first amended complaint. (ECF No. 8.) On June 5, 2017, Plaintiff's first amended complaint was

1 screened and found to state a cognizable claim for deliberate indifference against Defendants
2 Woods and Hashem. (ECF No. 9.) Plaintiff was ordered to serve the complaint within ninety
3 days of June 6, 2017. (ECF NO. 10.) On August 17, 2017, Plaintiff filed a motion requesting
4 the United States Marshal to serve the complaint. (ECF No. 12.) On August 21, 2017, Plaintiff
5 filed a motion for a ninety-day extension of time to serve the complaint. (ECF No. 11.)

6 On August 24, 2017, the Court granted Plaintiff's request to have the complaint served by
7 the United States Marshal. (ECF Nos. 13, 14.) On this same date, Defendant Woods filed an
8 answer to the complaint. (ECF No. 15.) The Court partially vacated the service order as
9 Defendant Woods had already been served and responded to the complaint. (ECF 16.)

10 On August 29, 2017, the United States Marshal returned service on Defendant Hashem as
11 unexecuted. (ECF No. 17.) The response stated the Defendant Hashem had retired from the
12 prison without leaving a forwarding address and was not responding to calls from the prison.
13 (Id.) On September 5, 2017, an order issued requiring Plaintiff to show cause why Defendant
14 Hashem should not be dismissed from this action. (ECF No. 18.) Plaintiff filed a response to the
15 order to show cause and a request for an extension of time on September 18, 2017. (ECF No.
16 21.) On September 22, 2017, an order issued discharging the order to show cause and denying
17 Plaintiff's request for an extension of time. (ECF No. 22.)

18 A discovery and scheduling order issued on October 27, 2017, opening discovery and
19 setting the pretrial deadlines in this action. (ECF No. 24.) Additionally, an order was entered
20 requiring Defendant Hashem to show cause why default should not be entered as Plaintiff had
21 provided proof of service of the complaint. (ECF No. 25.) Plaintiff filed a request for entry of
22 default against Defendant Hashem and default was entered on November 16, 2017. (ECF No.
23 27. On December 1, 2017, Plaintiff filed a motion for entry of default judgment. (ECF No. 29.)
24 Plaintiff's motion was denied without prejudice on December 5, 2017. (ECF No. 30.)

25 On January 25, 2018, Defendant Hashem filed a motion to set aside the entry of default.
26 (ECF No. 31.) Plaintiff filed an opposition to the motion on February 20, 2018, and Defendant
27 Hashem filed a reply on February 27, 2018. (ECF Nos. 32, 33.) On March 5, 2018, Defendant
28 Hashem's motion to set aside default was granted, and Defendant Hashem filed an answer to the

complaint. (ECF Nos. 34, 35.)

On March 6, 2018, the October 27, 2017 discovery and scheduling order was extended to Defendant Hashim. (ECF No. 36.) Defendants filed a motion for summary judgment on September 7, 2018. (ECF No. 38.) On September 24, 2018, Plaintiff filed a motion for appointment of counsel, an opposition to the motion for summary judgment, a motion to amend the complaint, and a motion for trial. (ECF Nos. 39-42.) On September 28, 2018, an order issued denying Defendants' motion for summary judgment without prejudice for failure to provide Rand notice, denying Plaintiff's motion for appointment of counsel without prejudice, and denying the motion for trial as premature. (ECF No. 43.)

On October 3, 2018, Defendants filed their motion for summary judgment and provided Rand notice. (ECF No. 44.) On October 9, 2018, Defendants filed an opposition to Plaintiff's motion to amend the complaint. (ECF No. 45.) On October 24, 2018, Plaintiff filed an opposition to Defendants' motion for summary judgment. (ECF No. 46.) On October 31, 2018, Defendants filed a reply to Plaintiff's opposition to the motion for summary judgment and Plaintiff filed a reply to Defendants' opposition to his motion to amend the complaint. (ECF Nos. 47, 48.) On November 16, 2018, Plaintiff filed a sur-reply that was stricken from the record. (ECF Nos. 49, 50.)

## II.

## LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 15

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**B.     Rule 16**

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id. Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson, 975 F.2d at 607-08.

## III.

## DISCUSSION

Plaintiff seeks to amend the complaint to add Dr. Napoles as a defendant based on new evidence that was presented in Defendants' motion for summary judgment. Plaintiff contends that his motion is timely as he filed within fourteen days.

Defendants counter that on May 1, 2018, Plaintiff was served with a request for production of documents that included his medical records which identified Dr. Napoles and his role in Plaintiff's dental care. Defendants contend that these are the same medical records which were attached to the motion for summary judgment and Plaintiff has had access to them for five months prior to filing his motion to amend the complaint. Defendants argue that Plaintiff has not demonstrated due diligence in seeking to amend the complaint and they would suffer prejudice should the motion be granted as it would require reopening discovery in this action.

1       Plaintiff replies that he will suffer undue expense if the Court denies his motion to amend
2 because he will be forced to file a separate action against Dr. Napoles.  Plaintiff contends that he
3 was only provided with documents in response to his request for production from 2015 to 2017
4 and he was not provided with all his dental records in the possession of Defendants.  Plaintiff
5 contends that Dr. Napoles treated him from 2012 to 2018.

6       In this action, the scheduling order had been issued and the date to amend had passed so
7 amendment of the complaint is governed by Rule 16 of the Federal Rules of Procedure.  Johnson,
8 975 F2d at 608.  The scheduling order provided that any amended complaint must be filed by
9 April 27, 2018.  (ECF No. 24 at 2.)  Plaintiff did not file his motion to amend the complaint prior
10 to the deadline to amend.  In fact, Plaintiff's motion to amend was not filed until two weeks after
11 the dispositive motion deadline of September 7, 2018.  (Id. at 3.)  Amendment of the scheduling
12 order requires Plaintiff to show good cause.

13       Plaintiff argues that Defendants only produced his dental records from 2015 through
14 2017.  He appears to argue that he was not aware of Dr. Napoles involvement until the motion
15 for summary judgment was filed.  However, the records that were attached to the motion for
16 summary judgment (ECF No. 38-2) are the same documents Defendants produced to Plaintiff on
17 May 1, 2018, (Decl of Matthew Roman ¶¶ 2, 3, ECF No. 45-1.).  Plaintiff complains that he was
18 not provided with all his dental records; however, he is alleging that it was those records attached
19 to the dispositive motion that gave him notice of Dr. Napoles involvement.  As Plaintiff was in
20 possession of these documents since May 2018, he was on notice of Dr. Napoles role in his
21 dental care for at least four months prior to filing his motion for leave to amend his complaint.
22 See Johnson, 975 F.2d at 610 (good cause not shown where party waited four months after the
23 cut-off date to move to amend the complaint).  "[C]arelessness is not compatible with a finding
24 of diligence and offers no reason for a grant of relief."  Jackson, 186 F.R.D. at 607 (quoting
25 Johnson, 975 F.2d at 609).  Where the party seeking to amend the scheduling order fails to show
26 due diligence the inquiry should end and the court should not grant the motion to modify.
27 Zivkovic, 302 F.3d at 1087.

28       Plaintiff has failed to show diligence in attempting to comply with the scheduling order

1 and to allow a modification of the scheduling order without good cause would render scheduling
2 orders essentially meaningless, and would directly interfere with the court's attempt to manage
3 its docket and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at
4 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . .." (internal quotations
5 and citation omitted)).

6 Further, granting Plaintiff leave to amend the complaint at this time would require the
7 Court to reopen discovery in this matter further delaying the action. This would cause undue
8 delay in these proceedings and would be prejudicial to Defendants. Currently a motion for
9 summary judgment is ready for decision, after which this action will be ready to set for trial
10 should it survive summary judgment.

11 For these reasons, the Court finds that Plaintiff's motion to file an amended complaint
12 should be denied.

**IV.**

**CONCLUSION AND ORDER**

15 Plaintiff has failed to demonstrate diligence in moving to amend his complaint in this
16 action and granting his request would prejudice Defendants as it would require reopening
17 discovery in this action.

18 Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to file an
19 amended complaint be DENIED. IT IS FURTHER ORDERED that the Clerk of the Court
20 randomly assign this action to a district judge.

21 This findings and recommendations is submitted to the district judge assigned to this
22 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-
23 one (21) days of service of this recommendation, any party may file written objections to this
24 findings and recommendations with the court and serve a copy on all parties. Such a document
25 should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The
26 district judge will review the magistrate judge's findings and recommendations pursuant to 28
27 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
28 time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th

Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2019**

_____
UNITED STATES MAGISTRATE JUDGE